PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN HENRY, | ) | |
| | ) | CASE NO. 1:16CV1075 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| STATE OF OHIO, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 3] |

*Pro Se* Plaintiff Marvin Henry filed this action against the "State of Ohio, or the City of Galion," the City of Galion Assistant Law Director David Keller, the U.S. Attorney for the Northern District of Ohio, and the U.S. Attorney General. The Complaint (ECF No. 1) sets forth no factual allegations because there is no body of the pleading. It consists entirely of a title that states: Complaint—"Racketeer Influenced and Corrupt Organizations Title or Trespass Assault Libel & Slander Harassment Intimidation Wrongfull (sic) Prosecution Uncontrolled LHE Zoning Rule 605(A) Dumping Without Right of Way or Consent Personal Injury Property Damage." ECF No. 1 at PageID #: 1.

Although the standard of review for *pro se* pleadings is liberal, it requires more than mere assertions of legal conclusions. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). *Pro Se* plaintiffs are still required to meet basic pleadings requirements, and a court is not required to conjure allegations on his behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001). Furthermore, federal district courts are required, under 28 U.S.C. § 1915(e)(2)(B), to screen and dismiss before service any *in forma pauperis* action the court determines is frivolous

(1:16CV1075)

or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See Hill v. Lappin, 630 F.3d 468, 470 (6th Cir. 2010). In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Hill, 630 F.3d at 470-71 (holding that the dismissal standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

The Complaint (ECF No. 1) does not set forth allegations reasonably suggesting Plaintiff has any plausible federal civil claim on which relief may be granted. See Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996) (a complaint must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests'"). The Complaint (ECF No. 1), consisting entirely of a vague and conclusory title unsupported by any alleged facts in the body of the pleading, fails to meet basic pleading requirements and fails to state any claim against any defendant that is plausible on its face.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 3) is granted, and this action is dismissed on initial screening in accordance with 28 U.S.C. § 1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
|  June 30, 2016 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |